FILED
2008 Sep-03 PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN INTERNATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 2:08-CV-976-VEH |
| v. | ) ) |
| WILLIAM SCHULER, JR., | ) ) |
| Defendant. | ) |

## MEMORANDUM OF OPINION

**I.     INTRODUCTION**

Plaintiff, American International Insurance Company ("American") initiated this action for a declaratory judgment, pursuant to 28 U.S.C. § 2201, against Defendant William Schuler, Jr. ("Schuler") on June 5, 2008. (Doc. 1). Schuler moved to dismiss the complaint on the grounds that American failed to join an indispensable party. (Doc. 8). American opposed the motion to dismiss and asked for permission to amend the complaint in the alternative. (Doc. 13).

Pending before the court is Schuler's Motion to Dismiss (Doc. 8) and American's Opposition to Motion to Dismiss and Motion to Amend the Complaint. (Doc. 13). As discussed more fully in this Memorandum of Opinion, the Motion to

Dismiss is due to be **GRANTED** in part and otherwise **DENIED**, and American's Motion to Amend the Complaint is due to be **GRANTED**.

**II.    BACKGROUND**

American issued two homeowners insurance policies - one to Shuler and one to William Shuler, Sr., the defendant's father -  and two excess insurance policies again, one to Shuler and one to William Schuler, Sr., the defendant's father. (Doc. 1 at ¶ 7 ).  Each policy was issued on May 15, 2007, for an annual term.  (*Id.*).  On July 19, 2007, Kevin McShan transported a truckload of horse bedding to Schuler Farms in Goodwater, Alabama. (Doc. 1 at ¶ 8).  Schuler accepted the shipment on behalf of Schuler Farms and, using a tractor equipped with a forklift, began unloading the cargo from McShan's truck. (Doc. 1 at ¶ 8).  In the course of performing this task, the cargo fell, causing severe injuries to McShan.  (Doc. 1 at ¶ 8).

On May 1, 2008, McShan initiated a lawsuit in the Circuit Court of Tallapoosa County, Alabama against Schuler, Schuler Farms, LLC, and TLC Premium Bedding, Inc. (Doc. 1, Ex. B).  American agreed to defend Schuler against McShan's claims, subject to reservation of its rights under its policies.  (Doc. 1 at 10).

At issue in this action for a declaratory judgment is the "Business Pursuits Exclusion" in each policy, which negates coverage for injury "arising out of an insured person's business property or business pursuits, investment activity or any

activity intended to realized a profit for either an insured person or others." (Doc. 1 at ¶ 11) (quoting Doc. 1 at Ex. B)). American alleges that Schuler Farms, LLC is a "business" within the meaning of the policy (doc. 1 at ¶¶ 12-15) and that the Business Pursuits Exclusion negates coverage. (Doc. 1 at ¶ 16).

Additionally, the policies contain a Motorized Land Vehicles Exclusion, and an Auto or Recreational Motor Vehicles Exclusion. American similarly argues that both exclusions negate coverage to the extent Schuler's liability arises out of unloading McShan's truck. (Doc. 1 at ¶¶ 16-18).

Based on these facts, American seeks declaratory relief. Specifically, it seeks a declaration that its homeowners and excess insurance policies do not provide for defense or indemnity coverage for the damages suffered by McShan, based on the Business Pursuits Exclusion, the Motorized Land Vehicles Exclusion, and the Auto or Recreational Motor Vehicles Exclusion. (Doc. 1 at ¶ 22).

Schuler filed his Motion to Dismiss (Doc. 8) on July 7, 2008. He argues that this case is due to be dismissed on Rule 12(b)(7) grounds, for failure to join an indispensable party. (Doc. 8 at 2-3). Specifically, Schuler argues that two persons have been improperly left out of the complaint: Kevin McShan,[1] the plaintiff in the

---

[1] American stipulated that McShan is a necessary party, but notes that it is feasible to join him. (Doc. 13 at 5). It requests leave to amend its complain to include McShan. *Id.* For reasons discussed later in this opinion, the Motion to Amend is due to be granted. *See infra* at 10.

parallel state court action, and Audubon Insurance Company ("Audubon"), who provided two automobile insurance policies one to Schuler and one to Schuler's father underlying American's excess coverage policies.

### III.   STANDARD OF REVIEW

The party moving for dismissal of the case bears the burden of proof in a motion to dismiss for failure to join an indispensable party under Rule 12(b)(7). *West Peninsular Title Co. v. Palm Beach County* 41 F.3d 1490, 1492 (11th Cir. 1995) (citing 5A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359); *see also Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000) ("A Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action."). Thus, as the moving party, Schuler bears the burden of demonstrating that the parties whose joinder is alleged to be required are both necessary and indispensable as described in Rule 19. 41 F.3d at 1492.

"Rule 19 states a two-part test for determining whether a party is indispensable. First, the court must ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the

litigation may continue." *Focus on the Family v. Pinellas Suncoast Transit Authority* 344 F.3d 1263, 1279 -1280 (11th Cir. 2003).

"In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control." *Id.* at 1280 (internal citations and quotations omitted). "When a person described by Rule 19(a) cannot be joined, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.") (*California v. Arizona*, 440 U.S. 59, 62 n. 3 (1979) (quoting Fed.R.Civ.P. 19(b)). A district court's dismissal is reviewed for abuse of discretion on appeal. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999).

"When the court decides under Rule 19(a) that a person should be joined, the court should direct the plaintiff to amend his complaint to add the person. Failure to comply with such an order may result in dismissal of the plaintiff's action under Rule 41(b)for failure of a party to comply with an order of court." *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47-48 (5th Cir. 1972).[2] Dismissal is appropriate only when a necessary party cannot be joined and "in equity and good conscience, the case

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

should not proceed without such a party. *Id.* at 48.

## IV. ANALYSIS

With the applicable legal framework established, the court now turns to the parties Schuler alleges should have been joined originally in the complaint.

### A. **Audubon**

Following the two part framework imposed by Rule 19, the court must first determine whether Audubon is a necessary party, i.e., a party that must be joined if feasible. *See Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279 -1280 (11th Cir. 2003). A party is considered to be "necessary" to the action if the court determines either that complete relief cannot be granted with the present parties, or the absent party has an interest in the disposition of the current proceedings. *Laker Airways, Inc.,* 182 F.3d at 847; *see* FED. R. CIV. P. 19(a).

Schuler argues that Audubon is a necessary party under Rule 19(a), because "any determination of excess coverage is necessarily related to the applicable underlying coverage, and because the automobile policies are implicated in this action due to [American's] claims that this occurrence is outside the homeowners coverage due to the 'motorized vehicles exclusion' related to automobiles." (Doc. 8 at 3). In short, Schuler argues that the court cannot afford complete relief without the underlying insurers, who have a vested interest in the cause of action. (Doc. 8 at 6).

Thus, as presented by Schuler, the question is whether a court should, as a matter of law, require the joinder of underlying insurers when construing the terms of an excess coverage policy. The Eleventh Circuit has not directly addressed this issue, though several courts in other circuits have done so. Courts have reached arguably different conclusions involving these excess policies, but the apparent differences are reconcilable.

Schuler relies in chief upon two cases to support his argument: *Schumberger Industries, Inc. v. National Surety Corp.*, 36 F.3d 1274 (4th Cir. 1994), and *Rhone-Poulenc, Inc. v. International Ins. Co.*, 877F. Supp. 1170 (N.D. Ill. 1995). For the reasons discussed below, the reasoning in these cases is not applicable to the facts of this case.

In *Schumberger*, the insurer sought a declaration from a district court as to its responsibility for costs in excess of underlying coverage. As in the current case before this Court, parallel state court litigation existed. 36 F.3d at 1277. The federal court determined that the underlying insurer was a necessary and indispensable party. *Id.* at 1286. The court made this decision because the declaration sought by the insurer required a determination of the "trigger coverage" for the excess policies, which depended on construing the underlying policies. *Id.*

In *Rhone-Poulenc*, the insured sought a declaration of coverage regarding his

excess policy. The challenge required the court to construe and apply the excess clause in his insurance contract, <u>which would also require a determination as to the coverage afforded by the underlying policy</u>. 877 F. Supp. at 1173. The court dismissed the case because, "Rule 19 mandates dismissal if construction of an absent insurer's policy is necessary to provide Rhone-Poulenc with a declaration of [the underlying insurer's] coverage liabilities." *Id.* at 1179.

Both cases present issues that are factually distinct from those present before this Court. American's declaratory judgment action, while involving (in part) two excess coverage policies, does not necessarily depend on this Court's construction of an underlying insurer's automobile policies. American's action seeking a declaratory judgment instead depends on language that is self-contained in the policies. American argues that certain provisions in its policies, i.e., the Business Pursuits Exclusion, the Motorized Land Vehicles Exclusion, and the Auto or Recreational Motor Vehicles Exclusion, negate coverage. (Doc. 1 at ¶¶ 22-23). None of the provisions at issue require this Court to determine the coverage of, or to even consult, the underlying automobile policies provided by Audubon. Thus, the reasoning in the cases cited by Schuler does not apply.

Schuler's argument overlooks this point. In his reply brief, he again cites to *Rhone-Poulenc*, stating" "If construction of an absent insurer's primary policy is

necessary to determine . . . liability . . . the action should not proceed without the absent insurer." (Doc. 14 at 3 (citing 877 F. Supp. at 1174)). While the court agrees with this proposition of law, in this case, it is <u>unnecessary</u> to construct terms in the underlying automobile policies.

Instead, the Court finds that, when an excess coverage policy provision at issue can be determined <u>independently</u>, as here, joinder of underlying insurers is unnecessary. Other courts have reached the same conclusion. For instance, in *Koppers Co., Inc. v. Aetna Cas. and Sur. Co.*, 158 F.3d 170 (3d Cir. 1998), the court found that underlying insurers were not necessary parties when the provisions in an excess coverage policy could be determined independently. *Id.* at 175. There, the insured sought a declaration of coverage as to excess policies, but did not include the underlying insurers. *Id.* at 171-172. The requested declaration did not require the court's analysis of the underlying policies, because the excess policy required payment even if the condition of maintaining an underlying policy was not satisfied. *Id.* at 176. Thus, the disputed provision operated as a "deductible" rather than a provision requiring the court to look to the underlying coverage. *Id.* The insured was entitled to payment whether it paid the underlying amount itself, or whether its insurers did. *Id.* Accordingly, complete relief could be had in the absence of the insurers, and their interests would not be prejudiced by any decision. Id.

American's challenge is more like the one seen in *Koppers*. American does not ask the court to determine whether excess coverage is triggered by looking to underlying policies and evaluating whether the coverage exists, is triggered, or has been exhausted. American only asks the court to determine <u>whether certain self-contained exclusions of American's policies</u> are applicable. This request simply does not involve the underlying insurers.

Therefore, Audubon is not a necessary party, and is not required to be joined if feasible under Rule 19(a). Complete relief can be had in Audubon's absence and its interests will not be prejudiced by this Court's declaration as to the application of the disputed provisions of <u>American's</u> policies. Therefore, Schuler's Motion to Dismiss is to be  due to be **DENIED** insofar as it is based on American's failure to join Audubon.[3]

**B.     <u>McShan</u>**

As previously discussed, American conceded in its responsive submission that McShan is a necessary party but represents that it is feasible to join him. (Doc. 13 at 6). Schuler's Motion to Dismiss is due to be granted if American is unable to join a

---

[3] The court will reconsider this decision if at any time it becomes apparent that a determination of the issues in this case requires construction of Audubon's policies. *See* Fed. R. Civ. P. 12(h)(2) ("[A] defense of failure to join a party indispensable under Rule 19 . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits.")

party it concedes as necessary for complete relief. *See English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47-48 (5th Cir. 1972) ("When the court decides under Rule 19(a) that a person should be joined, the court should direct the plaintiff to amend his complaint to add the person. Failure to comply with such an order may result in dismissal of the plaintiff's action under Rule 41(b) for failure of a party to comply with an order of court."). Therefore, to the extent that Schuler asks the court to Order American to add McShan as a party to this action, Schuler's Motion is due to be **GRANTED**. Accordingly, American's Motion to Amend the Complaint (Doc. 13) is due to be **GRANTED**. The court will provide American eleven days in which to file its Amended Complaint.

IV.  **CONCLUSION**

For the reasons set forth in this Memorandum of Opinion, Schuler's Motion to Dismiss (Doc. 8) is due to be **GRANTED** in part and otherwise **DENIED** and American's Motion to Amend the Complaint (Doc. 13) is due to be **GRANTED**. A separate Order will be entered concurrently with this opinion.

**DONE** and **ORDERED** this the 3rd day of September, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge